UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| EUGENE NATHANIEL ARNOLD III, | Case No. 21-CV-1779 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| SERGEANT HANSON, TODD ALAN SCHUSTER, KAREN SCHOMMER, PATRICIA A. KUKA, MARY YUNKER, GEORGE R. KENNEDY, OFFICE OF JUDGE MARY YUNKER, OFFICE OF JUDGE KAREN SCHOMMER, SHERBURNE COUNTY DISTRICT COURT, and SHERBURNE COUNTY SHERIFF'S OFFICE, | |
| Defendants. | |

---

Eugene Nathaniel Arnold III, pro se.

Tim Sime, SHERBURNE COUNTY ATTORNEY'S OFFICE, for defendants Sergeant Hanson, Todd Alan Schuster, George R. Kennedy, and Sherburne County Sheriff's Office.

Jason Marisam, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Karen Schommer, Patricia A. Kuka, Mary Yunker, Office of Judge Mary Yunker, Office of Judge Karen Schommer, and Sherburne County District Court.

This matter is before the Court on the defendants' motions to dismiss. The Court has already dismissed the claims against the judicial defendants at the request of plaintiff Eugene Nathaniel Arnold III (ECF Nos. 22–23), so their motion (ECF No. 7) is

denied as moot. For the following reasons, the Court grants the motion of the county defendants and dismisses the claims against them. ECF No. 14.

*First*, Count I of the complaint, which alleges that Sergeant Hanson violated 18 U.S.C. § 872, fails to state a claim. That statute creates no private right of action. *See Swoope v. Dearth*, No. 2:21-CV-797, 2021 WL 2334499, at *1 (S.D. Ohio June 8, 2021); *Malone v. Dep't of the Treasury*, No. 1:19-CV-00170-GNS-HBB, 2020 WL 3642266, at *4 (W.D. Ky. July 6, 2020); *Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *3 (D. Neb. June 13, 2019), *aff'd*, 798 F. App'x 971 (8th Cir. 2020) (per curiam); *Andrews v. Dep't of Soc. Servs.*, No. 3:18-CV-301, 2018 WL 8996377, at *3 n.5 (E.D. Va. Aug. 16, 2018), *aff'd sub nom. Andrews v. Va. Dep't of Soc. Servs.*, 755 F. App'x 292 (4th Cir. 2019) (per curiam).

*Second*, to the extent that Arnold alleges a civil claim under 18 U.S.C. § 242, *see* ECF No. 1-2, that statute also creates no private right of action. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) ("The district court dismissed Robinson's claims under 18 U.S.C. §§ 242 and 1385. Both of these are criminal statutes that do not provide private causes of action."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . . These statutes do not give rise to a civil action for damages."); *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL 987683, at *10 (D. Minn. Jan. 9, 2018) (collecting

cases supporting "well-settled" conclusion that "18 U.S.C. § 242 does not provide a private right of action").

*Third*, to the extent that Arnold asserts civil claims for a "violation of constitutionally protected rights," ECF No. 1-2 (alleging violations of the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments), Arnold has failed to allege sufficient facts to make those claims facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts pleaded in the complaint and apparent from the attached exhibits yield only one plausible inference: Arnold was lawfully arrested and charged under Minnesota law for trying to pay restitution obligations (incurred in connection with a previous conviction) using bogus financial instruments. *See* ECF No. 1 at 3–4; ECF No. 1-1 at 1–3. His allegations that the defendants were "overly officious instigating or encouraging prosecution of groundless litigation and malicious prosecution persistently for the purpose of profit, harassment, and intimidation" and that the defendants "became so conspicuous and blatant in committing fraud both putting large sums of money in hidden accounts to stock more money towards their retirements hidden from the IRS" are unsupported and facially preposterous. ECF No. 1 at 3.

*Fourth*, to the extent that Arnold seeks criminal enforcement of 18 U.S.C. §§ 242 and 872, *see* ECF No. 1 at 5, he "lacks a judicially cognizable interest in the prosecution

or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because he has no standing to compel a criminal prosecution, his claims for that relief are dismissed without prejudice. *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004).

*Fifth*, Counts II and III allege state-law causes of action. Because the complaint alleges that Arnold and all of the defendants are citizens of Minnesota, the Court has only supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a). All federal claims have been dismissed, and therefore the Court exercises its discretion to dismiss Counts II and III without prejudice "so that [they] may be considered, if at all, by the courts of Minnesota." *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the judicial defendants' motion to dismiss [ECF No. 7] is DENIED AS MOOT and the county defendants' motion to dismiss [ECF No. 14] is GRANTED. In particular, as to defendants Sergeant Hanson, Todd Alan Schuster, George R. Kennedy, and the Sherburne County Sheriff's Office:

1. All federal civil claims are DISMISSED WITH PREJUDICE.

2. All criminal claims and state-law claims are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 3, 2021

                                                         Patrick J. Schiltz
                                                         United States District Judge